**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN HANCOCK LIFE INSURANCE
COMPANY (USA), a foreign insurance
company,

                Plaintiff,

vs.                                                  Case No.  3:13-cv-1130-J-34JRK

MELISSA MITCHELL INTEMANN,
individually as parent and guardian
of N.O.I., a minor, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status/Background

This cause is before the Court on Plaintiff John Hancock Life Insurance Company (U.S.A.)'s Motion for Final Judgment of Discharge (Doc. No. 34; "Motion"), filed February 21, 2014.[2]  Plaintiff represents that Defendants do not oppose the relief requested.  See Motion at 2.

On September 18, 2013, Plaintiff filed a Complaint (Doc. No. 1) that was subsequently amended on December 2, 2013.  See Plaintiff John Hancock Life Insurance Company's Amended Complaint for Interpleader (Doc. No. 14; "Am. Compl."). The Amended Complaint names seven Defendants, all of whom could potentially have claims to certain life insurance

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document.  Failure to file a timely objection waives a party's right to a de novo review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] Prior to the filing of the Motion, this case was referred to the undersigned for an appropriate resolution.  See Order of Referral (Doc. No. 28), entered February 4, 2014.

proceeds totaling more than $3.5 million.  See generally Am. Compl.  All Defendants have appeared through counsel and have filed responses to the Amended Complaint.  See Doc. Nos. 18, 19, 21, 23.[3]

In the Amended Complaint, Plaintiff contends that Daniel Intemann, who is now deceased, was the holder of four life insurance policies.  Am. Compl. at 3 ¶¶ 10, 11.  Upon Mr. Intemann's death, Plaintiff received multiple claims for the proceeds of those policies.  Id. at 4 ¶¶ 13-15, 17.  Plaintiff claims that the proceeds "are in dispute" and that Plaintiff "would be subject to multiple and conflicting claims for the [proceeds] if it were to pay the proceeds to one party without a resolution of the rival claims."  Id. at 4 ¶ 18.  According to Plaintiff, "[u]pon information and belief," the named Defendants "are the only parties that claim a direct or indirect interest in the benefits."  Id. at 5 ¶ 21.

On February 3, 2014, Plaintiff sought the Court's permission to deposit the proceeds into the Court's registry.  See Plaintiff John Hancock Life Insurance Company (USA)'s Unopposed Motion to Deposit Funds in Court Registry and Incorporated Memorandum (Doc. No. 27).  Plaintiff's request was granted on February 12, 2014, see Order (Doc. No. 29), and the funds were deposited into the Court's registry on February 14, 2014.  In the instant Motion, Plaintiff seeks entry of an Order "fully discharg[ing it] from all liability whatsoever on"

---

[3] On May 30, 2014, two motions were filed: 1) a Joint Unopposed Motion to Stay Further Proceedings Pending Approval of Settlement Agreement (Doc. No. 43; "Motion to Stay"); and 2) a Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 44; "Motion to Approve Settlement").  Defendants represent that they have reached a settlement that "will resolve all remaining claims asserted by and among Defendants in this action and permit the action to be concluded."  Motion at Stay at 2; see Motion to Approve Settlement at 2.  The stay is sought so that a separate probate matter that affects the Settlement Agreement reached in this case can be resolved.  See Motion to Stay at 2.  Defendants estimate that the probate matter will be resolved around August 2, 2014, at which time Defendant Melissa Mitchell Intemann will file a notice and the Motion to Approve Settlement will then be ripe for consideration.  Id. at 3.  The Motion to Stay is currently ripe and will be addressed by separate Order.

the life insurance policies at issue in this case and enjoining Defendants "from making any further claims against [Plaintiff] on the account of said policies." Motion at 2.

## II. Discussion

### A. Jurisdiction

Before addressing the relief sought by Plaintiff, it is necessary to determine whether the Court may exercise subject matter jurisdiction in this interpleader action. An interpleader action is typically initiated pursuant to Rule 22, Federal Rules of Civil Procedure ("Rule(s)") (commonly referred to as "Rule interpleader"), or pursuant to 28 U.S.C. § 1335 (commonly referred to as "statutory interpleader"). Rule interpleader requires that the Court be able to exercise either diversity jurisdiction (including complete diversity of citizenship) or federal question jurisdiction. See Conn. Gen. Life Ins. Co. v. Riner, 351 F. Supp. 2d 492, 496 (W.D. Va. 2005) (stating "[R]ule 22 is merely a procedural device" and "the rule allows federal courts to hear interpleader actions when the underlying controversy could have been heard in federal court through diversity or federal question jurisdiction") (quotations and citations omitted). Statutory interpleader, by contrast, "requires minimal diversity between the claimants, that is, at least one claimant must be of diverse citizenship from another claimant." Ohio Nat. Life Assurance Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 249 (11th Cir. 2009) (citing State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967)); see 28 U.S.C. § 1335(a)(1). In addition, statutory interpleader requires "money or property of the value of $500 or more[.]" 28 U.S.C. § 1335(a).

Here, Plaintiff contends in the Amended Complaint that the basis of this Court's jurisdiction is as follows:

-3-

> This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, diversity of citizenship. There is diversity of citizenship between Plaintiff and Defendants. Plaintiff is a Michigan insurance company with its principal place of business in Boston, Massachusetts. Upon information and belief, Defendants are citizens of other states. The amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 in that the Defendants have claims or potential claims for certain proceeds in controversy, and [Plaintiff] seeks to deposit the proceeds into the registry of the Court.

Am. Compl. at 1-2 ¶¶ 1-3 (paragraph enumeration and formatting omitted). Specifically as to the citizenship of each Defendant, Plaintiff advises as follows: Melissa Intemann, Florida; Eric Reeps as the Trustee of the Intemann Family Trusts I and II, New York; Karen B. Intemann, New York; Megan A. Intemann, Pennsylvania; Jessica E. Intemann, Florida; Michael A. Intemann, Florida; Sara Jo Bartlett, North Carolina. Id. at 2 ¶¶ 6-8.

Having reviewed the allegations and the applicable legal authority, the undersigned finds that Plaintiff has properly invoked this Court's subject matter jurisdiction pursuant to statutory interpleader. Specifically, Plaintiff has alleged that the amount in controversy is valued at more than $500; two or more claimants of diverse citizenship have claims to that amount; and Plaintiff deposited the amount into the registry of the Court. See John Alden Life Ins. Co. v. Vanlandingham, No. 5:04-cv-538-Oc-10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006) (unpublished).

### B. Relief Sought in Motion

As noted above, Plaintiff seeks entry of an Order "fully discharg[ing it] from all liability whatsoever on" the life insurance policies at issue in this case and enjoining Defendants "from making any further claims against [Plaintiff] on the account of said policies." Motion at 2. "Interpleader is the means by which an innocent stakeholder, who typically claims no

interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shore Co-op. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). "Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." Langkau, 353 F. App'x at 248 (citing Fed. R. Civ. P. 22(a)(1)); see Vanlandingham, 2006 WL 1529047, at *4 (recognizing that "[t]he purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims"). The party seeking interpleader has the burden of showing it "'has been or may be subjected to adverse claims.'" Langkau, 353 F. App'x at 248 (quoting Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974)). "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." Id. (citing United States v. High Tech Prods., Inc., 497 F.3d 637, 641-42 (6th Cir. 2007)); see State Farm Life Ins. Co. v. Talavera, No. 8:05-cv-775-T-24EAJ, 2006 WL 2048301, at *2 (M.D. Fla. July 20, 2006) (unpublished) (stating that "[i]f interpleader is considered proper, the plaintiff is dismissed from the proceeding and the remaining parties should litigate among themselves the matter in dispute").

Here, Plaintiff contends it has received multiple claims to the proceeds at issue, and it "would be subject to multiple and conflicting claims for the [proceeds at issue] if it were to pay the proceeds to one party without a resolution of the rival claims." Am. Compl. at 4 ¶ 18. Upon review of the Complaint, the undersigned finds that this interpleader action is properly brought, and Plaintiff is entitled to "avoid the vexation and expense of resisting competing claims." Met. Life Ins. Co. v. Deveer, No. 1:11-cv-259-SPM-GRJ, 2012 WL

4009218, at *2 (N.D. Fla. Aug. 13, 2012) (unpublished report and recommendation), adopted, 2012 WL 4009507 (N.D. Fla. Sept. 12, 2012) (unpublished order).  Accordingly, it is

**RECOMMENDED THAT**:

1. Plaintiff John Hancock Life Insurance Company (U.S.A.)'s Motion for Final Judgment of Discharge (Doc. No. 34) be **GRANTED**.

2. Plaintiff be fully discharged from all liability on the life insurance policies at issue in this matter and Plaintiff be dismissed from this case.

3. Defendants be enjoined from making any further claims against Plaintiff on account of the policies at issue in this matter.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 19, 2014.

_____
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record