**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN HANCOCK LIFE INSURANCE
COMPANY (USA), a foreign insurance
company,[1]

                  Plaintiff,

vs.                                              Case No. 3:13-cv-1130-J-34JRK

MELISSA MITCHELL INTEMANN,
individually as parent and guardian
of N.O.I., a minor, et al.,

                  Defendants.
_____/

**REPORT AND RECOMMENDATION**[2]

This matter was referred to the undersigned on February 4, 2014 for an appropriate resolution of the case. See Order of Referral (Doc. No. 28). Now pending before the Court are two joint motions filed by all Defendants: the Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 44; "Motion"), filed May 30, 2014, and the Supplemental Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 49-1; "Supplemental Motion"), filed August 15, 2014.

On September 18, 2013, Plaintiff filed a Complaint for Interpleader (Doc. No. 1) that was subsequently amended on December 2, 2013. See Plaintiff John Hancock Life Insurance

---

[1] Plaintiff was dismissed from this interpleader action on July 25, 2014. See Order (Doc. No. 47). To provide a complete background of the issues currently before the Court, the undersigned retains Plaintiff as a party in the case caption and refers to Plaintiff in the discussion of the procedural history of this case.

[2] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Company's Amended Complaint for Interpleader (Doc. No. 14; "Am. Compl."). The Amended Complaint names seven Defendants, all of whom could potentially have claims to certain life insurance proceeds totaling more than $3.5 million. See generally Am. Compl. All Defendants have appeared through counsel and have filed responses to the Amended Complaint. See Doc. Nos. 18, 19, 21, 23.

In the Amended Complaint, Plaintiff contended that Daniel Intemann, who is now deceased, was the holder of four life insurance policies issued by Plaintiff. Am. Compl. at 3 ¶¶ 10, 11. Upon Mr. Intemann's death, Plaintiff received multiple claims for the proceeds of those policies. Id. at 4 ¶¶ 13-15, 17. Plaintiff claimed that the proceeds "are in dispute" and that Plaintiff "would be subject to multiple and conflicting claims for the [proceeds] if it were to pay the proceeds to one party without a resolution of the rival claims." Id. at 4 ¶ 18. According to Plaintiff, "[u]pon information and belief," the named Defendants "are the only parties that claim a direct or indirect interest in the benefits." Id. at 5 ¶ 21.

On February 3, 2014, Plaintiff sought the Court's permission to deposit the proceeds into the Court's registry. See Plaintiff John Hancock Life Insurance Company (USA)'s Unopposed Motion to Deposit Funds in Court Registry and Incorporated Memorandum (Doc. No. 27). Plaintiff's request was granted on February 12, 2014, see Order (Doc. No. 29), and the funds were deposited into the Court's registry on February 14, 2014. Plaintiff then sought entry of an Order "fully discharg[ing it] from all liability whatsoever on [the] life insurance policies" at issue in this case and enjoining Defendants "from making any further claims against [Plaintiff] on the account of said policies." Plaintiff John Hancock Life Insurance Company (USA)'s Motion for Final Judgment of Discharge (Doc. No. 34), filed February 21,

2014, at 2. After ensuring that Plaintiff properly invoked this Court's subject matter jurisdiction for an interpleader action, Plaintiff's request was granted on July 25, 2014. See Order (Doc. No. 47), adopting Report and Recommendation (Doc. No. 45).

In the instant Motion and Supplemental Motion, Defendants advise the Court that they "have negotiated a comprehensive Settlement Agreement which resolves all of their competing claims . . . ." Motion at 2; see Supplemental Motion at 2. Defendants request that the Court approve their Settlement Agreement (Doc. No. 44 at pp. 7-33; "Settlement Agreement"),[3] direct the Clerk of Court to disburse the funds in the Court's registry, and retain jurisdiction to enforce the terms of the Settlement Agreement. See generally Motion; Supplemental Motion. Defendants have prepared and submitted to the Court a proposed order to that effect. See Doc. No. 50-1 at pp.4-8[4] (duplicate filed at Doc. No. 51).[5]

Having considered the Motion and the Supplemental Motion, and recognizing the joint support thereof by all parties, and having been advised by Defendant Melissa Mitchell Intemann, as Personal Representative of the Estate,[6] that there are no creditors of the Estate whose interests must be considered in connection with consideration of the Settlement Agreement, see Defendant Melissa Mitchell Intemann's Notice to Court of Filing Statement

---

[3] Page numbers refer to the numbers assigned by the Court's Electronic Case Filing System.

[4] Page numbers refer to the numbers assigned by the Court's Electronic Case Filing System.

[5] When the parties filed Doc. No. 50, the attached copy of the N.O.I. Trust was not redacted. The parties refiled the document with the redacted attachment at Doc. No. 51. On September 8, 2014, the Clerk of Court substituted the non-redacted copy at Doc. No. 50 for the redacted copy (now the documents are the same). Parts of the copy of the N.O.I. Trust originally filed (Doc. No. 44 at pp. 34-80) are illegible, so the undersigned cites to the legible copies later filed.

[6] The "Estate" is defined in the Settlement Agreement (Doc. No. 44 at p. 7).

Regarding Creditors (Doc. No. 48), filed August 15, 2014, and finding that performance of the Settlement Agreement will be in the best interests of the parties, the undersigned **RECOMMENDS that the Court enter an Order with the following language**:[7]

1.  The Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 44) and the Supplemental Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 49-1) are **GRANTED to the extent stated and otherwise DENIED without prejudice**.

2.  The Settlement Agreement (Doc. No. 44 at pp. 7-33),[8] including the terms of the N.O.I. Trust[9] (Doc. No. 50-1 at pp. 10-55; duplicate at Doc. No. 51),[10] is approved and incorporated herein, and the parties are directed to perform under the Settlement Agreement as their respective interests and obligations shall appear.

3.  The Clerk of the Court shall disburse the remaining proceeds deposited in the Registry of the Court by John Hancock Life Insurance Company (USA), which as of August 20, 2014, totaled Three Million Six Hundred Forty-Five Thousand One Hundred Twelve

---

[7] The following language is taken largely from the parties' proposed order filed with the Court on August 27, 2014 (Doc. No. 50-1 at pp.4-8; duplicate filed at Doc. No. 51). The undersigned made some changes, but the changes do not affect the distribution of funds agreed to by the parties or any substantive or fundamental portion of the parties' agreement. The changes relate to giving notice to the Court after the disbursement process is completed and the parties' request for the Court to retain jurisdiction. See infra pp.9-10, ¶¶ 6-7.

[8] Page numbers refer to the numbers assigned by the Court's Electronic Case Filing System.

[9] The "N.O.I. Trust" is discussed in the Settlement Agreement (Doc. No. 44 at p. 18), and a copy of the N.O.I. Trust is attached to the Settlement Agreement (Doc. No. 50-1 at pp. 10-55; duplicate at Doc. No. 51).

[10] Page numbers refer to the numbers assigned by the Court's Electronic Case Filing System.

Dollars and Eighteen Cents ($3,645,112.18), together with interest accruing on the deposited funds through the date of disbursement, less all court registry fees (collectively, the "Net Policies Proceeds") to John B. Macdonald, Esq. Akerman LLP, Suite 3100, 50 North Laura Street, Jacksonville, Florida 32202 (the "Disbursing Agent").

4. Upon receipt of the Net Policies Proceeds the Disbursing Agent shall further disburse the Net Policies Proceeds in the following amounts:

- a) One Million Six Hundred Thousand Dollars ($1,600,000.00) to Eric Reeps, as the Trustee of Trust I[11] (the "**Trust I Distribution**").

- b) Five Hundred Thousand Dollars ($500,000.00) to Eric Reeps, as the Trustee of Trust II[12] (the "**Trust II Distribution**").

- c) Eight Hundred Thousand Dollars ($800,000.00) to the Trustee of the N.O.I. Trust[13] (the "**N.O.I. Trust Distribution**").

- d) The following distributions as to Melissa Mitchell Intemann:

    (i) Twenty-One Thousand Eight Hundred Thirty-Five Dollars ($21,835.00) to William R. Blackard, Jr., Esq., as attorney for Schulz Roofing Co. Inc., a creditor of Melissa Mitchell Intemann (the "**Melissa Creditor Distribution**").

---

[11] "Trust I" is defined in the Settlement Agreement (Doc. No. 44 at p. 8).

[12] "Trust II" is defined in the Settlement Agreement (Doc. No. 44 at p. 8).

[13] The "N.O.I. Trust" is discussed in the Settlement Agreement (Doc. No. 44 at p. 18), and a copy of the N.O.I. Trust is attached to the Settlement Agreement (Doc. No. 50-1 at pp. 10-55; duplicate at Doc. No. 51).

        (ii)      Four Hundred Twenty-Two Thousand Two Hundred Ninety-Five Dollars and Eighty-Seven Cents ($422,295.87) to Melissa Mitchell Intemann (the "**Melissa Distribution**").

e)      One Hundred Twenty-Three Thousand Seven Hundred Thirty-Seven Dollars and Twelve Cents ($123,737.12) to Chase[14] to be applied to payment of outstanding indebtedness owing to Chase which is the subject of the Chase Foreclosure Action[15] (the "**Chase Distribution**").

f)      The following payees as payment of the respective parties' attorneys' fees and costs incurred in connection with the matters addressed in the parties' Settlement Agreement as of March 17, 2014 (collectively, the "**Fees/Costs Distributions**"):

        (i)      Six Thousand Three Hundred Forty-Eight Dollars ($6,348.00) to Smith, Gambrell & Russell, LLP, as attorneys for Eric Reeps, as Trustee.

        (ii)      Twenty-Three Thousand Five Hundred Seventy-Five Dollars and Ninety-Six Cents ($23,575.96) to Adams and Reese LLP, as attorneys for Karen B. Intemann, Michael A. Intemann and Sara Jo Bartlett.

---

[14] "Chase" is defined in the Settlement Agreement (Doc. No. 44 at p. 12).

[15] The "Chase Foreclosure Action" is defined in the Settlement Agreement (Doc. No. 44 at p. 12).

    (iii) Twenty-Two Thousand Two-Hundred Thirty-Three Dollars and Eighty Cents ($22,233.80) to Akerman LLP, as attorneys for Jessica E. Intemann and Megan A. Intemann.

    (iv) Ten Thousand Four Hundred Forty-Eight Dollars and Ten Cents ($10,448.10) to R. Michael Perkins, Esq., as attorney for Jessica E. Intemann and Megan A. Intemann.

    (v) Thirty-Four Thousand Four Hundred Thirty-Three Dollars and Eighty-Three Cents ($34,433.83) to The Coleman Law Firm, PLLC, as attorneys for Melissa Mitchell Intemann, N.O.I. and the Estate.[16]

    (vi) Four Thousand Dollars ($4,000.00) to the attorneys defending the Chase Foreclosure Action[17] involving the Condominium (the "**Chase Foreclosure Fees Distribution**").

  g) All Net Policies Proceeds remaining after the distributions set forth in 3.(a) through 3.(f) above, shall be disbursed by the Disbursing Agent, upon the joint instruction of counsel of Melissa Mitchell Intemann and the Family Trusts Beneficiaries,[18] in the following order of priority commencing with 3(g)(i):

---

[16] The "Estate" is defined in the Settlement Agreement (Doc. No. 44 at p. 7).

[17] The "Chase Foreclosure Action" is defined in the Settlement Agreement (Doc. No. 44 at p. 12).

[18] The term "Family Trusts Beneficiaries" is defined in the Settlement Agreement (Doc. No. 44 at p. 10).

   (i)  Such sums as are necessary, in addition to the Chase Foreclosure Fees Distribution, to pay in full all additional attorneys' fees and costs of defending any foreclosure action involving the Condominium[19] as well as the Homestead.[20]

   (ii)  Any additional attorneys' fees and costs incurred by the Trustee[21] in connection with the implementation of this Agreement not paid by reason of the distribution in subparagraph 3(f)(i) above.

   (iii)  Any trustee fees incurred by Eric Reeps, as Trustee, in connection with this Interpleader Action and this Agreement.

   (iv)  The fees and costs incurred in connection with the establishment of the N.O.I. Trust.[22]

   (v)  Any funds remaining after the above distributions are to be divided into three equal shares distributable to the following three groups: (1) Jessica E. Intemann and Megan A. Intemann, (2) Karen B. Intemann, Michael A. Intemann, and Sara Jo Bartlett, and (3) Melissa Mitchell Intemann and N.O.I., for application to payment of their respective remaining unpaid attorneys' fees and costs. If any of these three designated groups do not incur

---

[19] "Condominium" is defined in the Settlement Agreement (Doc. No. 44 at p. 11).

[20] "Homestead" is defined in the Settlement Agreement (Doc. No. 44 at p. 11).

[21] "Trustee" is defined in the Settlement Agreement (Doc. No. 44 at p. 7).

[22] The "N.O.I. Trust" is discussed in the Settlement Agreement (Doc. No. 44 at p. 18), and a copy of the N.O.I. Trust is attached to the Settlement Agreement (Doc. No. 50-1 at pp. 10-55).

>   > additional attorneys' fees and costs equal in amount to their respective one-third (1/3) share of the total distribution under this subparagraph, then any such excess funds shall be distributed in equal shares to the remaining designee groups, to the extent that they then have incurred unpaid attorneys' fees and costs.
>   
>   (vi) In the event any funds remain after the above distributions, they shall be distributed in three equal shares to Trust I,[23] Trust II,[24] and the N.O.I. Trust.[25]

5. The Disbursing Agent shall be at liberty to honor the written instruction of the respective payees of the Trust I Distribution, the Trust II Distribution, and the Melissa Distribution to pay any portion of such distributions to alternative payees, such as for the payment of Trustee's fees, attorneys' fees, or costs, without further Order of the Court.

6. Upon completion of the disbursements outlined above, the Disbursing Agent shall file a notice reflecting compliance with the terms herein. Once the notice is filed, assuming the parties do not seek Court intervention on any issues that may arise during the disbursement process, Defendants shall have ten (10) days to file an appropriate notice of dismissal.

7. The Motion and Supplemental Motion are **DENIED without prejudice** to the extent they request the Court to retain jurisdiction to enforce the Settlement Agreement. The

---

[23] "Trust I" is defined in the Settlement Agreement (Doc. No. 44 at p. 8).

[24] "Trust II" is defined in the Settlement Agreement (Doc. No. 44 at p. 8).

[25] The "N.O.I. Trust" is discussed in the Settlement Agreement (Doc. No. 44 at p. 18), and a copy of the N.O.I. Trust is attached to the Settlement Agreement (Doc. No. 50-1 at pp. 10-55).

Court generally declines requests to retain jurisdiction to enforce settlement agreements. If Defendants wish to renew this request, they shall file a proper motion including legal authority supporting their request within ten (10) days of the filing of the notice by the Disbursing Agent.

8. The case remains stayed.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on September 17, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of record