**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN HANCOCK LIFE INSURANCE
COMPANY (USA), a foreign insurance
company,

                Plaintiff,

v.                                   Case No. 3:13-cv-1130-J-34JRK

MELISSA MITCHELL INTEMANN,
individually and as parent and guardian of
N.O.I., a minor, et al.,

                Defendants.

_____/

<u>**ORDER**</u>

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 52;

Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on

September 17, 2014.  In the Report, Magistrate Judge Klindt recommends that the Joint

Motion of Defendants for Approval of Settlement Agreement (Doc. No. 44) and the

Supplemental Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No.

49-1) be granted, in part, and denied, without prejudice, in part.  <u>See</u> Report at 4.

Defendants have failed to file objections to the Report, and the time for doing so has now

passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific

objections to findings of facts are filed, the district court is not required to conduct a <u>de novo</u>

review of those findings.  <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993);

see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.  Accordingly, it is hereby

ORDERED:

1.      The Magistrate Judge's Report and Recommendation (Doc. No. 52) is **ADOPTED** as the opinion of the Court.

2.      The Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 44) and the Supplemental Joint Motion of Defendants for Approval of Settlement Agreement (Doc. No. 49-1) are **GRANTED to the extent stated and otherwise DENIED without prejudice**.

3.      The Settlement Agreement (Doc. No. 44 at pp. 7-33), including the terms of the N.O.I. Trust (Doc. No. 50-1 at pp. 10-55; duplicate at Doc. No. 51), is approved and incorporated herein, and the parties are directed to perform under the Settlement Agreement as their respective interests and obligations shall appear.

4.      The Clerk of the Court shall disburse the remaining proceeds deposited in the Registry of the Court by John Hancock Life Insurance Company (USA), which as of August 20, 2014, totaled Three Million Six Hundred Forty-Five Thousand One Hundred Twelve Dollars and Eighteen Cents ($3,645,112.18), together with interest accruing on the

deposited funds through the date of disbursement, less all court registry fees (collectively, the "Net Policies Proceeds") to John B. Macdonald, Esq., Akerman LLP, Suite 3100, 50 North Laura Street, Jacksonville, Florida 32202 (the "Disbursing Agent").

5.    Upon receipt of the Net Policies Proceeds, the Disbursing Agent shall further disburse the Net Policies Proceeds in the following amounts:

a)    One Million Six Hundred Thousand Dollars ($1,600,000.00) to Eric Reeps, as the Trustee of Trust I (the "**Trust I Distribution**").

b)    Five Hundred Thousand Dollars ($500,000.00) to Eric Reeps, as the Trustee of Trust II (the "**Trust II Distribution**").

c)    Eight Hundred Thousand Dollars ($800,000.00) to the Trustee of the N.O.I. Trust (the "**N.O.I. Trust Distribution**").

d)    The following distributions as to Melissa Mitchell Intemann:

(i)    Twenty-One Thousand Eight Hundred Thirty-Five Dollars ($21,835.00) to William R. Blackard, Jr., Esq., as attorney for Schulz Roofing Co. Inc., a creditor of Melissa Mitchell Intemann (the "**Melissa Creditor Distribution**").

(ii)    Four Hundred Twenty-Two Thousand Two Hundred Ninety-Five Dollars and Eighty-Seven Cents ($422,295.87) to Melissa Mitchell Intemann (the "**Melissa Distribution**").

e)    One Hundred Twenty-Three Thousand Seven Hundred Thirty-Seven Dollars and Twelve Cents ($123,737.12) to Chase to be applied to

payment of outstanding indebtedness owing to Chase which is the subject of the Chase Foreclosure Action (the "**Chase Distribution**").

f)    The following payees as payment of the respective parties' attorneys' fees and costs incurred in connection with the matters addressed in the parties' Settlement Agreement as of March 17, 2014 (collectively, the "**Fees/Costs Distributions**"):

(i)    Six Thousand Three Hundred Forty-Eight Dollars ($6,348.00) to Smith, Gambrell & Russell, LLP, as attorneys for Eric Reeps, as Trustee.

(ii)    Twenty-Three Thousand Five Hundred Seventy-Five Dollars and Ninety-Six Cents ($23,575.96) to Adams and Reese LLP, as attorneys for Karen B. Intemann, Michael A. Intemann and Sara Jo Bartlett.

(iii)    Twenty-Two Thousand Two-Hundred Thirty-Three Dollars and Eighty Cents ($22,233.80) to Akerman LLP, as attorneys for Jessica E. Intemann and Megan A. Intemann.

(iv)    Ten Thousand Four Hundred Forty-Eight Dollars and Ten Cents ($10,448.10) to R. Michael Perkins, Esq., as attorney for Jessica E. Intemann and Megan A. Intemann.

(v)    Thirty-Four Thousand Four Hundred Thirty-Three Dollars and Eighty-Three Cents ($34,433.83) to The Coleman Law Firm,

-4-

PLLC, as attorneys for Melissa Mitchell Intemann, N.O.I. and the Estate.

(vi)    Four Thousand Dollars ($4,000.00) to the attorneys defending the Chase Foreclosure Action involving the Condominium (the "**Chase Foreclosure Fees Distribution**").

g)    All Net Policies Proceeds remaining after the distributions set forth in 3.(a) through 3.(f) above, shall be disbursed by the Disbursing Agent, upon the joint instruction of counsel of Melissa Mitchell Intemann and the Family Trusts Beneficiaries, in the following order of priority commencing with 3(g)(i):

(i)    Such sums as are necessary, in addition to the Chase Foreclosure Fees Distribution, to pay in full all additional attorneys' fees and costs of defending any foreclosure action involving the Condominium as well as the Homestead.

(ii)    Any additional attorneys' fees and costs incurred by the Trustee in connection with the implementation of this Agreement not paid by reason of the distribution in subparagraph 3(f)(i) above.

(iii)    Any trustee fees incurred by Eric Reeps, as Trustee, in connection with this Interpleader Action and this Agreement.

(iv)    The fees and costs incurred in connection with the establishment of the N.O.I. Trust.

(v)    Any funds remaining after the above distributions are to be divided into three equal shares distributable to the following three groups: (1) Jessica E. Intemann and Megan A. Intemann, (2) Karen B. Intemann, Michael A. Intemann, and Sara Jo Bartlett, and (3) Melissa Mitchell Intemann and N.O.I., for application to payment of their respective remaining unpaid attorneys' fees and costs.  If any of these three designated groups do not incur additional attorneys' fees and costs equal in amount to their respective one-third (1/3) share of the total distribution under this subparagraph, then any such excess funds shall be distributed in equal shares to the remaining designee groups, to the extent that they then have incurred unpaid attorneys' fees and costs.

(vi)    In the event any funds remain after the above distributions, they shall be distributed in three equal shares to Trust I, Trust II, and the N.O.I. Trust.

6.    The Disbursing Agent shall be at liberty to honor the written instruction of the respective payees of the Trust I Distribution, the Trust II Distribution, and the Melissa Distribution to pay any portion of such distributions to alternative payees, such as for the payment of Trustee's fees, attorneys' fees, or costs, without further Order of the Court.

7.    Upon completion of the disbursements outlined above, the Disbursing Agent shall file a notice reflecting compliance with the terms herein. Once the notice is filed,

assuming the parties do not seek Court intervention on any issues that may arise during the disbursement process, Defendants shall have ten (10) days to file an appropriate notice of dismissal.

8.      The Motion and Supplemental Motion are **DENIED without prejudice** to the extent they request the Court to retain jurisdiction to enforce the Settlement Agreement. The Court generally declines requests to retain jurisdiction to enforce settlement agreements.  If Defendants wish to renew this request, they shall file a proper motion including legal authority supporting their request within ten (10) days of the filing of the notice by the Disbursing Agent.

9.      The case remains stayed.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of October, 2014.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record

Any Unrepresented Party